IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

Joseph Cash McEvoy,
    *Plaintiff,*

Division St. Boys LLC

    *Defendant.*

Case No.

JURY DEMANDED

## COMPLAINT

Comes now the Plaintiff, Joseph McEvoy, by their counsel and for their complaint against the Defendant states the following:

### Introduction

Plaintiff, Joseph McEvoy, was visiting Nashville with the purpose of finding property for a bar and potentially a home as well. He already owned a bar in his hometown of California and was looking to expand and relocate to the greater Nashville area. After tirelessly searching for properties, Joseph decided that winding down and getting a good feel for the new city he could potentially call home would involve experiencing Nashville's nightlife. To start, he planned to visit the well-established bar, Winners' Bar & Grill, located on Division Street.

While waiting in line for entry, Plaintiff was approached by the security of Winners' who informed him that he would not be allowed to enter the bar with Mona, his service dog. Seeking further clarification, Joseph requested to speak to the

manager. Subsequently, a representative of Winners' Bar & Grill approached Joseph and informed him that he would not be allowed entry into the bar that night due to being accompanied by a service dog. This left him feeling skeptical about how he would be treated as a disabled person by Nashville businesses if he ever decided to call Music City his home.

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 42 U.S.C. §12182 with this Complaint arising under a violation of rights conferred by federal statutes and Americans with Disabilities Act,

2. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Parties

3. Plaintiff, Joseph McEvoy, is a resident of San Mateo County, California and may be served at 116 Cuesta Real, La Honda CA 94020.

4. Defendant Division St. Boys LLC is a duly registered Tennessee limited liability company and may be served through its registered agent, Steve Ford, at 1911 Division St Nashville, TN 37203

5. Defendant Division St. Boys, LLC is and was at all times relevant to this complaint the owner, operator, lessor and/or lessee of the subject business, located at 1913 Division Street Nashville, Tennessee 37203.

## Factual Allegations

6. Plaintiff Joseph McEvoy suffers from PTSD. Plaintiff relies upon his service dog, a pit bull mixed name "Mona." Plaintiff has extensive experience with service dogs. Mona has been professionally trained to perform certain tasks whenever Plaintiff experiences a PTSD episode. Whenever PTSD symptoms occur Mona applies pressure to alleviate anxiety and nudges Plaintiff to interrupt flashbacks. Plaintiff and Mona have been working together for eight years, and they reinforce their training together on a daily basis. Plaintiff is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705 (9)(B).

7. In August of 2022, Plaintiff Joseph McEvoy was diagnosed as someone who suffers from PTSD by Kelsey Barbieri, a licensed therapist in California:

> I recently evaluated Joseph McEvoy's (DOB: 03/22/1984) mental health condition. My client meets the definition of disability under the Americans with Disability Act, the Fair Housing Act, the Rehabilitation Act of 1973, and the Air Carrier Access Act. My client's mental health impairment, which is recognized in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) handbook, substantially limits one or more major life activities or major bodily functions, including the ability to sleep, socialize, complete daily tasks, and manage emotional symptoms of his disability.

8. Division St. Boys LLC is a Tennessee limited liability company that owns and operates Winners Bar & Grill. Winners' Bar & Grill is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. § 12181(7) of the Americans with Disabilities Act of 1990.

9. Plaintiff Joseph McEvoy has been working with his service dog, Mona, for eight years. Mona is a Pitbull mix who has trained extensively to be a service dog.

10. Plaintiff has trained Mona to serve his specific needs throughout their

relationship generally, and to address his post-traumatic stress disorder.

11. Mona has been trained to reduce the severity of symptoms from plaintiff's post-traumatic stress disorder and improve the mental health and social interactions of Plaintiff.

12. Mona is a working dog; she is not a pet. Plaintiff and Mona have trained extensively together and they supplement that training daily. Plaintiff takes Mona everywhere with him in public. It is important they stay together at all times because (a) Mona provides important services for Plaintiff; (b) Mona is a medical alert dog who is able to elevate the symptoms of Plaintiff post-traumatic stress disorder; and (c) it is part of the training and bonding requirement that they be together constantly to maintain their bond. Wherever Plaintiff goes, Mona goes. Below is a photograph of Mona as she looked on the day of the incident:



13. On July 7, 2023, Plaintiff arrived at Winners' Bar & Grill on Division Street with Mona around 11:50 p.m.

14. After Plaintiff was forcibly removed from the line awaiting entry to Winners' Bar & Grill one of Defendant's employees, who on information and belief was one of the managers of Winners', approached Plaintiff and Mona. The employee informed Plaintiff that they were denying him entry tonight because a service dog was accompanying him.

15. Plaintiff attempted to explain to the employee that Mona was a federally protected service dog and that by law she was allowed to accompany him in any place of accommodation.

16. Plaintiff then asked if Defendant's employee if he was denying him entry tonight because he was accompanied by a service dog, and Defendant's employee confirmed that he was denying him access because of his service dog.

17. Plaintiff wishes to return to Winners' Bar & Grill, but only after Defendant has implemented proper service animal policies and training of its staff.

18. Plaintiff is deterred and fearful from returning to the Bar & Grill until these polices and training are in place.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILTIES ACT of 1990 (42 USC § 12182.)

19. Each of the above paragraphs setting forth the factual allegations are incorporated as if fully restated herein verbatim.

20. In 1990 Congress passed the American with Disabilities Act after finding that laws were needed to more fully protect Americans with one or more physical or mental disabilities; historically society has tended to isolate and segregate individuals with disabilities. The goal of the ADA was to allow people with disabilities to have the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. 42 U.S.C. § 12101(a).

21. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

22. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

23. The Winners' Bar & Grill is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(B)

24. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such gods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

25. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities

must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, https://www.ada.gov/topics/service-animals/. Furthermore, **"Under ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go."**

26. Defendant has a policy and practice of denying and restricting access to patrons with service animals.

27. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

1) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities

2) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities:

3) To ensure that the Federal Government plays a central role in enforcing standards established in this Act on behalf of individuals with disabilities; and

4) To invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C § 12101(b)

28. As part of the ADA, Congress passed "Title III- Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*) The subject property and facility is one of the "private entities" which are considered "public accommodations" for the purposes of this title, which includes but is not limited to any "restaurant." 42 U.S.C. § 12181(7)(E).

29. The specific prohibitions against discrimination include, but are not limited to the following:

42 U.S.C. § 12181(b)(1)(A)(i): "Denial of Participation. – It shall be discriminatory to subject an individual or class of individuals on the basis of disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12181(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such, goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities…;"

42 U.S.C. § 12181(b)(2)(A)(iii): "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services…;"

42 U.S.C. § 12181(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily available;"

42 U.S.C. § 12181(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

30. The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA.

31. The removal of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of section 12181 and 12182 of the ADA.

32. Plaintiff seeks relief pursuant to the remedies set forth in section 204(a) of the Civil Right Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for the purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Winners' Bar & Grill, in light of Defendant's policy barriers.

### REQUEST FOR RELIEF

Based upon all of the foregoing, Plaintiff McEvoy requests:

I. Process be issued and that the Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint

b. To modify their policies and practices to accommodate service dog users in conformity with federal law, and to advise Plaintiff that his service dog will not be excluded should he desire to enter and use the services of Winners';

c. That the court issue preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees and/or their agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) directing Defendant to provide facilities usable by Plaintiff and similarly situated person with disabilities , and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs.

V. That Plaintiff McEvoy be awarded reasonable attorney's fees, costs, and expenses under 42. U.S.C. § 12205.

VI. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*s/Paul D Randolph*
Paul D Randolph #39667
Wesley Ben Clark, #32611
Frank Ross Brazil, #34586
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
paul@brazilclark.com
wesley@brazilclark.com
frank@brazilclark.com